Nicholson, C. J.,
delivered the opinion of the Court.
The facts on which the question in this cause arises, are as follows: Jacob Burris died in 1861, in Hawkins *512 county, intestate, unmarried, and without issue. At the time of his death he left, as his heirs and distributees, his brother, John Burris, Will. B. Francisco, a nephew, being a son of Nancy Francisco, deceased, who was a sister of said Jacob Burris, and Nancy Smith, a granddaughter of William Burris, deceased, a brother of said Jacob Burris; the grand-father, grand-mother and mother of said Nancy Smith having died in the life-time of said Jacob, leaving surviving him the said Nancy Smith his grand niece, and her father, William M. Smith. After the death of said Jacob Burris, his said grand niece, Nancy Smith, died intestate, without issue, and unmarried, leaving her father, William M. Smith, surviving her. The question ■ is, who was entitled to the share of said Nancy Smith in the real and personal estate of the said Jacob Burris? The personal estate of said Jacob Burris had not been distributed at the death of said Nancy Smith, nor had the real estate been partitioned. The Chancellor decreed that William M. Smith was entitled to take one-third of the personal and real- estate of Jacob Burris, deceased, as the representa--tive of his daughter, Nancy.
The decree as to the distribution of the personal estate of Jacob Burris, deceased, was erroneous. Nancy Smith, being the grand-niece of Jacob Burris, could not, under the existing state of facts, be a distributee of his personal estate. By section 2430 of the Code, “there is no representation among collaterals, after brothers’ and sisters’ children.”
The Chancellor’s decree as to the real estate was correct. By section 2420, it is provided that, “the land of an intestate owner shall be inherited in the following, *513 manner by bis lineal descendants, collateral kindred and ascendants.” Three classes of cases are then provided for, having reference to the sources of the intestate’s title:
Eirst. “Without reference to the source of the intestate’s title; if there be no issue, nor brothers or sisters or their issue, and either parent be living, then by such parent.” Nancy Smith derived her title by descent from her grand-uncle, and she died intestate, leaving no issue, nor brother or sister or their issue; but she left her father, William M. Smith, living. He is, therefore, entitled to her share in her grand-uncle’s real estate, unless the exceptions or restrictions in the other two classes provided for defeat his right.
The second class is: “If the estate was acquired by the intestate, and he died without issue, his land shall be inherited as follows,” &c. The manner of descent is then set out; but, as Nancy Smith did not “acquire” her tide, the descent from her can not be regulated by the second class.
The third class is: “Where the land came to the intestate by gift, devise or descent from a parent or the ancestor of a parent, and he die without issue,” the mode of descent is then laid down. But Nancy Smith did not derive her title by gift, devise or descent from a parent or the ancestor of a parent; but she derived it by descent from the uncle of her mother. The descent from her, therefore, is not governed by this class of cases.
It follows that the descent, upon the death of Nancy Smith, is regulated by the first class of cases, under *514 wbicb her father, "William M. Smith, is entitled to her real estate.
The Chancellor so held, and we affirm his decree as to the land; but we reverse his decree as to the distribution of the personal estate. The cause will be remanded, to be proceeded in according to this decree. The costs of this Court will be paid by complainants.